# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **NELSON WILHENS** | * | **CIVIL ACTION NO. 06-0972** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an Emergency Petition for Writ of Habeas Corpus (Document No. 1) and an Emergency Motion for Stay of Removal (Document No. 2) filed by *pro se* petitioner Nelson Wilhens ("Wilhens"). For reasons stated below, it is recommended that Wilhens' motions to stay and petition challenging the validity of the removal order be **DISMISSED without prejudice for lack of subject-matter jurisdiction. It is further recommended that, to the extent the petitioner is attempting to challenge his continued detention pending removal, his petition be dismissed without prejudice as premature.**

## BACKGROUND

Wilhens, a citizen and native of Haiti, is currently detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") at the Tensas Parish Detention Center in Waterproof, Louisiana. In 2002, Wilhens was convicted in the United States District Court for the Southern District of Florida of possession of cocaine with the intent to distribute. Sometime after beginning his sentence, ICE took Wilhens into custody and commenced removal proceedings. On January 26, 2006, an immigration judge in Atlanta, Georgia ordered Wilhens removed from the United States to his native Haiti. On June 16, 2006, Wilhens filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1), in which he challenged his continued detention, presumably, although not specifically, under the framework established

in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner also claimed that the proceedings leading to the removal order were illegal or improper. Finally, petitioner seeks a stay of his removal pending the outcome of his habeas petition.

## LAW AND ANALYSIS

<u>Challenge to Validity of Removal Order and Motion to Stay</u>

Wilhens challenges the validity of the removal order, and seeks to stay the final removal order entered against him by an immigration judge in Atlanta, Georgia, pending a ruling from this Court on his *habeas* petition. However, to the extent that petitioner seeks to challenge the validity of the removal order or to stay removal pursuant to that order, this Court lacks jurisdiction over his claims.

The REAL ID Act, signed by the President on May 11, 2005, divested the federal district courts of jurisdiction to review challenges to removal orders. Instead, when a district court receives a motion asserting such a challenge, the district court must transfer the motion to the appropriate circuit court of appeals, pursuant to section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (codified at 8 U.S.C. § 1252 (2005)), if the case was pending at the time the REAL ID Act became effective. If the case was commenced after the REAL ID Act's effective date, as this one was, a district court must dismiss the case without prejudice for lack of subject-matter jurisdiction. This divestment of jurisdiction extends beyond substantive challenges to removal orders, and it also applies to "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States." *Id.* at § 106(a)(2) (amending 8 U.S.C. § 1252(b)(9)). Petitioners seeking to directly challenge removal orders and raise other related claims must "file[] [their petitions] in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings," in this case, the

2

Eleventh Circuit Court of Appeals. 8 U.S.C. § 1252(b)(2) (1999 & Supp 2005).

Thus, this Court lacks jurisdiction over the claims Wilhens raises challenging the validity of the removal order and over his motion for a Stay of removal. Because this matter was not filed until June 16, 2006, it is recommended that, to the extent that it challenges the validity of the removal order and seeks a stay of removal, the petition for writ of habeas corpus be **dismissed without prejudice for lack of subject-matter jurisdiction.**

Wilhens also arguably raises a challenge to his continued detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). However, a review of his petition shows that the removal order was not entered until January 26, 2006, and his petition, which was signed on June 5, 2006, received by this court on June 9, 2006, and was filed on June 16, 2006, was filed prior to the expiration of the presumptively reasonable six-month post removal period outlined in *Zadvydas*. It is therefore further recommended that the petitioner's habeas challenge to his continued detention pending removal be **DISMISSED without prejudice as premature.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 23rd day of June, 2006.

                                                                          _____
                                                                          KAREN L. HAYES
                                                                          U. S. MAGISTRATE JUDGE